IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
APR 28 2017
CLERK, U.S. DISTRICT COURT
By _____
Deputy

KENNETH DARRILL BROOKS, §
　§
　Petitioner, §
　§
VS. § NO. 4:17-CV-286-A
　§ (NO. 4:05-CR-195-A)
THE UNITED STATES OF AMERICA, §
　§
　Respondent. §

MEMORANDUM OPINION
and
ORDER

On April 3, 2017, Kenneth Darrill Brooks ("Brooks") filed a document titled "Under Title 28 [*sic*] U.S.C. Section §3582(c) Formal Petition Upon Seeking Sentence Modification With Consideration for Eligibility Toward Earned 'Jail Time' Credit." Having reviewed the petition, the court concludes that it should be dismissed for failure to state a claim upon which relief may be granted.

I.

Screening Under 28 U.S.C. § 1915A

As a prisoner seeking redress from government officials, Brooks's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A(b)(1) provides for sua sponte dismissal if the court finds that the complaint is either frivolous or

fails to state a claim upon which relief may be granted. A claim is frivolous if it "lacks an arguable basis in either fact or law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In evaluating whether the complaint states a valid claim for relief, the court construes the allegations of the complaint favorably to the pleader. Warth v. Seldin, 422 U.S. 490, 501 (1975). However, the court does not accept conclusory allegations or unwarranted deductions of fact as true, and a plaintiff must provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action. Twombly, 550 U.S. at 555; Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994).

II.

Analysis

Brooks petitioned the court for a modification of his sentence pursuant to 18 U.S.C. § 3582(c)[1], claiming that his

---

[1] By order signed April 5, 2017, the court indicated that it was treating Brooks's filing as a
(continued...)

federal sentence should be reduced by fifteen months due to jail time credit earned while serving a concurrent state sentence. Nothing in Brooks's petition, however, indicates that he is entitled to relief pursuant to § 3582(c). Brooks has not alleged sufficient facts showing that his sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission, § 3582(c)(2), or that modification of his term of imprisonment is expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, § 3582(c)(1)(B). Therefore,

The court ORDERS that Brooks's petition be, and is hereby, dismissed pursuant to 18 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

SIGNED April 28, 2017.

JOHN McBRYDE
United States District Judge

---

[1](...continued)
petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241; however, after further consideration, the court concludes that such filing should be interpreted as a motion for sentence modification pursuant to 18 U.S.C. § 3582(c).